Lai v. Holder

BIA
A078 853 707

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand fourteen.

PRESENT:
DENNIS JACOBS,
SUSAN L. CARNEY,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

Feng Qing Lai,
*Petitioner,*

v.                                                    13-865
                                                      NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Troy Nader Moslemi, New York, NY.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney
                         General; Daniel Goldman, Senior
                         Litigation Counsel; Erik R. Quick,
                         Trial Attorney, Office of Immigration
                         Litigation, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Feng Qing Lai, a native and citizen of the People's Republic of China, seeks review of a February 12, 2013, decision of the BIA denying his motion to reopen. *In re Feng Qing Lai*, No. A078 853 707 (B.I.A. Feb. 12, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the denial of a motion to reopen for an abuse of discretion, "mindful that motions to reopen 'are disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). An applicant may file a motion to reopen within 90 days of the date on which a final administrative decision was rendered in the proceeding sought to be reopened. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the 90-day limitation period does not apply to a motion to reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been

2

discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). We review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008).

As the BIA determined, Lai's adoption of Christianity and church attendance in the United States constitute self-induced changes in personal circumstances, which are insufficient to excuse the untimeliness of his motion. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006); *Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008).

In addition, the BIA's determination that Lai failed to establish a material change in conditions in China is supported by substantial evidence. *See Jian Hui Shao*, 546 F.3d at 169. The BIA reasonably found that the evidence showed conditions in China similar to those at the time of Lai's merits hearing. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compares the evidence of

country conditions submitted with the motion to those that existed at the time of the merits hearing below.").

We have not yet addressed whether a change particular to an alien can constitute a change in country conditions, i.e. whether the Chinese government's awareness of Lai's Christian faith is a change in conditions sufficient for reopening. We do not reach the issue here because the BIA did not abuse its discretion in declining to give weight to Lai's individualized documents from China, which were his only evidence of the government's awareness of his new religious practice. Lai's evidence included letters from his sister and mother stating that Chinese authorities had ordered that he return to China for punishment, a notice purportedly from the Fuzhou City Luoxing Street Yanshan Neighborhood Residents Committee, and a summons purportedly from the Fuzhou City Public Security Bureau, demanding that he cease disseminating religious materials from the United States and return to China immediately for punishment. The BIA reasonably concluded that those documents should be afforded little weight because they were unauthenticated and unspecific with respect to the punishment Lai would face. *See Xiao Ji Chen* v. U.S. Dep't of Justice, 471 F.3d 315, 342

4

(2d Cir. 2006) (the weight afforded to the evidence lies largely within the BIA's discretion); *see also Matter of H-L-H- & Z-Y- Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (the agency may give little weight to documents drafted by interested witnesses not subject to cross examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Accordingly, as Lai did not meet his burden to show any change in conditions in China, the BIA did not abuse its discretion in denying his motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); 8 C.F.R. § 1003.2(c)(2).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
